### HAYWARD *vs.* HOYT & HAYWARD.

A suit cannot be commenced by *original writ* except when no other process
can be used.

A *capias*, such as is used in actions *non-bailable*, may issue, notwithstanding
the statute prohibiting arrest and imprisonment on civil process in actions
upon contract.

Actions for the recovery of debt or damages must be commenced either 1.
by *capias* against individuals not privileged, 2. by *summons* against corpora-
tions, and 3. by the filing and service of a *declaration*.

THIS suit was commenced by an *original writ,* sued out of
and returnable in this court.   The action is on a promissory
note made at St. Catharines, in Upper Canada.   One of the

defendants on whom the writ was served resides in New-York, the other in Canada. A motion is made to quash the writ.

*C. Edwards*, for the defendant.

*D. P. & J. P. Hall*, for the plaintiff.

*By the Court*, SAVAGE, Ch. J. An original writ was anciently the common mode of commencing a suit; it issued out of chancery. It was a common law proceeding, but was regulated by our statute of 17th February, 1815, which directed such writs to be issued out of the courts in which they are returnable, instead of being issued out of chancery. This statute has been repealed, and the revised statutes have provided that " original writs, *whenever the same shall be necessary*, shall issue out of and under the seal of the court in which they shall be returnable, and shall be tested in the same manner as other writs issued out of such courts, but in other respects the forms now in use shall be observed." 2 *R. S.* 277, § 8. It is also enacted that " actions brought for the recovery of any debt, or for damages only, may be commenced either, 1. By issuing and service of a *capias ad respondendum* against persons not privileged from arrest; 2. By summons against corporations ;" 3. By filing a declaration, &c. 2 *R. S.* 347, § 1. By the statute last cited it would seem to be unnecessary to use the original writ in any case except against corporations. In all other cases a personal action may be commenced, either by capias or declaration, except that a capias cannot be used against a person privileged from arrest. Persons privileged from arrest are ambassadors and their servants, members of the legislature for a certain period, judges of the courts, &c. The proceeding by original would seem to be unnecessary, as the proceeding by declaration is applicable to all, and the proceeding by capias to nearly all. It is said, however, that the act to abolish imprisonment for debt, passed April 26, 1831, has abolished the capias by declaring that " no person shall be arrested or imprisoned on any civil process issuing out of any court of law," in any action upon contract. It has been well remarked by Mr. Dunlap, 1 *Dunl.* 94, *n.*, that " It is a

general rule in the practice of the English courts, that whenever the defendant may be arrested he may be held to bail. But this rule does not apply in our practice ; and it is a general principle, that whenever a capias lies, the defendant may be arrested, but whether he shall be held to bail or not, depends on other considerations." The use of the capias in actions not bailable is as familiar as any other part of our practice.- Before the revised statutes the defendant was in fact arrested upon non-bailable process, and was required to endorse his appearance ; but since the revised statutes, the capias in a non-bailable action is a mere summons in effect, though the form is the same as formerly ; if the defendant refuse to endorse his appearance, the sheriff may return the writ personally served. 2 *R. S.* 347, 8, § 4. And when the act of 1831 says, no person shall be arrested or imprisoned, an arrest is intended which produces imprisonment, unless bail is given ; but the legislature never intended in this way to abolish the use of the capias in actions not bailable.

There is therefore no necessity for the use of the original writ in this case. The revised statutes do not recognize the use of this proceeding only *when the same shall be necessary.* If, however, a party may use it when not necessary, when he may proceed either by capias or declaration, then the original which he may thus use, is the antiquated and obsolete original at common law, which issues out of chancery. The writ in this case purports to issue from this court, which is only authorized in case of necessity. This proceeding seems to be erroneous ; for if it is a proceeding purely at common law, it should be issued from chancery. It cannot issue from this court only in case of necessity ; no necessity exists in this case; as the other remedies are applicable, it is therefore irregular. But I am inclined to think this proceeding unauthorized upon a broader ground. When the legislature have undertaken to regulate the commencement of suits, and to specify the modes in which suits may be commenced, such action on the part of the legislature implies a negative as to any other mode of prosecuting formerly allowed. The maxim *expressio unius est exclusio alterius* applies, and when the act regulating original writs in cases where they are necessary is considered, the in-

ALBANY,
Feb. 1833.

The People
v.
Judges of the
Albany
Mayor's Court

tention of the legislature to exclude them in all other cases is fairly inferrible.

My conclusion is that original writs cannot be used since our revised statutes, only when they are necessary from the want of any other appropriate remedy ; that in this case it is not necessary, and therefore improper and irregular, and should be set aside ; but without costs, as this is the first time the question has arisen.