ROWLEY *vs.* CHAUTAUQUE COUNTY BANK.

BRIGHAM *vs.* SAME.

A writ of *summons* against a *corporation*, must contain *cause of action*, stated as fully as a cause of action is ordinarily stated in a declaration.

Sept. 1837.    *S. Stevens*, for the defendants, moved to quash the writ of *summons* issued and served in each of these suits, on the ground that the process was not in the proper form. By the writ the sheriff was commanded to summon the defendants to answer the plaintiff, "of a plea of trespass on the case upon promises, to his damage of one hundred and ten dollars." There was no further statement of the cause of action.

*A. Taber*, for the plaintiffs.

*By the Court*, BRONSON, J. The plaintiffs were right in proceeding by summons, though it would have been otherwise had the action been brought against an *individual*. *Lynch* v. *Mechanics Bank*, 13 Johns. R. 127. 2 R. S. 347, § 1. Ib. 458, § 4. But there has been an entire departure from established precedents in setting forth the cause of action. In *assumpsit* and other actions on the case, the original writ sets forth the cause of action in the same ample form as it is stated in the declaration. No precedent has been mentioned, nor do I find any, which warrants the general statement contained in these writs. The plaintiffs' counsel has referred to the proceedings against persons having privilege of parliament. Formerly they could only be sued by original writs, but now, by statute, they may be proceeded against by bill and summons. The summons in such cases is a judicial, not an original writ. 2 Archb. Pr. 95. But actions against corporations can only be commenced by original, and in framing the writ, the court is not at liberty to sanction a departure from established forms. 2 R. S. 277, § 8. In the case of Rowley, the motion to quash the writ must be granted. In the case of Brigham, although

the return day is past, the plaintiffs' attorney swears that the writ has not been returned, but is in his office in Chautauque. The proper course will be to *supersede* the writ. *Ferguson* v. *Jones*, 12 Wendell, 241.

Ordered accordingly.*

<div align="right">
ALBANY,
Oct. 1837.

---

* *Vide Hayward v. Hoyt*, 9 Wendell, 483.