## CHARLES L. ORTMAN VS. SELAH DUSTIN.

As the true cause of action is required to be stated in the affidavit to hold to bail on a capias, the *ac etiam* is only a formal part of the writ.

A capias returnable out of term is irregular, and will not be amended.

If a capias, in a case not arising upon contract, is executed before an order is indorsed fixing the sum in which the defendant may be let to bail, it will be set aside.

*Saginaw Circuit Court*, 1867.

*D. W. C. Gage* for Plaintiff.

*J. J. Wheeler* for Defendant.

*By the Court*, SUTHERLAND, J.— A motion has been made to set aside the capias issued in this case on the grounds—

1. That it does not sufficiently state the cause of action. The writ requires the defendant to be arrested to answer to a *bill* filed in this Court against him by the plaintiff in a plea of trespass on the case " for damages other than those arising upon contract."

The practice in cases of capias shows some curious features that mark the successive steps taken in legislation for security against oppressive arrests.

At an early period in England a defendant might be arrested and held to bail for any sum of money without any affidavit that it was owing or due, and without any statement of the cause of action in the writ. *Tidd's Pr.*, 81, 144. A statute of 13 *Charles II.* enacted that no person arrested on a bailable writ or process should be compelled to give security for his appearance in any penalty exceeding £40 unless the certain and true cause of action was expressed particularly in the writ. The statute 12 *George I.* enacted that in all cases where the cause of action should not amount to £10 or upwards, and the plaintiff should proceed by process against the person, he should not arrest or

cause to be arrested the body of the defendant, but serve him personally within the jurisdiction of the Court with a copy of the process with a notice indorsed of the intent and meaning of such service; and where the cause of action amounted to £10 or upwards, an affidavit of the cause of action should be made and filed, and the same, sworn to, was required to be indorsed on the back of the process. The *ac etiam* clause in the writ originated under the first mentioned Act, and the affidavit to hold to bail under the other. After the enactment of the statute requiring the affidavit the *ac etiam* was still retained. The New York statute required the first, namely, the statement of the cause of action in the bailable capias, (2 *R. S.*, 348, § 6,) and gave a right to hold to bail, of course, without affidavit or a Judge's order, in nearly all cases, until the Act to abolish imprisonment for debt. The defendant could compel the plaintiff to make affidavit of the cause of action by application to mitigate the bail.

Our statute contains no direction that the cause of action shall be stated in the writ, except it is required to be in the form heretofore in use in this State. § 4112, *C. L.*, and there is an implication contained in § 4119.

Inasmuch as the true nature of the plaintiff's claim must be stated in an affidavit annexed to the writ, the *ac etiam* is no essential advantage to the defendant. It is a formal part of the writ as it has been used in this State, but the omission may be cured by amendment.

2. It is contended that the capias is void for being made returnable out of term.

It has been uniformly so held by the Courts in England and this country so far as I have been able to ascertain in the examination I have given the subject. *Bunn vs. Thomas*, 2 *John. R.*, 190; *Parsons vs. Loyd*, 3 *Wils.*, 341; *Cramer vs. Van Alstyne*, 9 *John.*, 386; *Miller vs. Gregory*, 4 *Cow.*, 504; *Kenworthy vs. Peppiat*, 4 *B. and Ald.*, 288; *Osborne vs. Taylor*, 1 *Chitty*, 400.

The statute of New York that process on which any defendant shall have been arrested shall not be amended in the return day is in affirmance of the good sense of the rule on which Courts had acted.

The statute allowing amendments in form or substance for the furtherance of justice has never been construed as either requiring or permitting all amendments that would tend to advance the purposes of the party asking for them. Though the statute is very broad, the practice of the Courts has fixed practical limits.

This objection must be held well taken. It would determine this *motion if not waived*; but as a third point was discussed by counsel, I think it proper to decide that also, namely, that there was no order to hold to bail.

The English and New York practice, with reference to which this question has been discussed, allowed a capias, or other process, to be issued in form requiring the arrest of the defendant in two classes of cases—those in which he could be held to bail, and those in which he could not. In those in which special bail could not be required the process amounted to little more than a summons. Under the New York Revised Statutes no arrest could be made on a non-bailable capias, and the Act abolishing imprisonment for debt was held not to abolish it. *Hayward vs. Hoyt,* 9 *Wend.*, 483. Such a capias, however, was sufficient for the commencement of an action. *Patterson vs Barker*, 2 *Hill*, 560.

In our State a capias is authorized only for the arrest of the defendant. It is a compulsory means not only of obtaining his appearance, but it secures the custody of his body to satisfy the judgment.

The practice referred to, from which ours is derived, required the *ac etiam* and the affidavit of the cause of action to render it a bailable process. If they were omitted, or there were any irregularity in the proceedings in respect to them, or if the capias were employed for actual arrest and holding to bail in non-bailable actions, the writ would not be set aside, but the defendant would be discharged on common bail, or by indorsing his appearance. 1 *Grah. Pr.*, 550.

Under our practice, if the arrest and special bail cannot both be required, a capias cannot be issued. There is no non-bailable capias. *Green's Pr.*, § 115.

Our statute provides several modes of commencing suit, and capias and summons are original writs. The former is appropriate and issuable only in certain specified cases. The Legislature has undertaken to regulate the commencement of suits, and to specify the modes, which implies a negative of any other formerly allowed. 9 *Wend.*, 483. The maxim "*expressio unius est exclusio alterius*" applies. It is provided in §4121. *C. L.*, that personal actions may be commenced by *capias ad respondendum* in cases of claims for damages other than those arising upon contract express or implied where an order for bail shall be indorsed on the writ by a Judge of the Court from which the writ issues, or a Circuit Court Commissioner, directing the amount in which bail is to be taken.

It is apparent from all the provisions of the chapter containing the foregoing section that the order to hold to bail must be procured before the writ can be executed by the arrest of the defendant. If the order can be procured after the arrest of the defendant, and after the return of the capias, it can be employed very oppressively. Until such order is made no bail can properly be taken.

The service in this case preceded the making of the order (the order was not made until after the return day), therefore, the proceeding was irregular; and since a capias cannot be used as a summons, or to procure the appearance of the defendant, without bail, like a serviceable or non-bailable capias of the English system, the consequence of the irregularity is not, as under that system, to make the process operate as another mode of commencing suit, and that the defendant be discharged on giving nominal bail, but must be set aside, with the subsequent proceedings founded thereon, unless the irregularity has been waived. The defect cannot be removed by amendment.

Giving bail to the Sheriff, under this writ, was no waiver of the defect. It was no recognition of this writ, for it provided for no discharge on bail. Nor was giving such bail an appearance.

The motion must be granted, with costs, the defendant stipulating not to bring any suit against the plaintiff or the Sheriff.